UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ALEXANDER DOMBROWSKI,

                Plaintiff,

      -against-

PAUL CZAJKA, District Attorney of Columbia County, New York;

JAMES CARLUCCI, Chief Assistant District Attorney of Columbia County, New York;

PAMELA J. JOERN, Assistant District Attorney of Columbia County, New York;

OFFICE OF THE DISTRICT ATTORNEY OF COLUMBIA COUNTY, NEW YORK;

DAVID P. BARTLETT, Sheriff of Columbia County, New York;

JOSEPH KILMER, Deputy Sheriff of Columbia County, New York;

MARK DUNSPAUGH, Senior Investigator, Office of the Sheriff of Columbia County, New York;

OFFICE OF THE SHERIFF OF COLUMBIA COUNTY, NEW YORK;

COUNTY OF COLUMBIA, NEW YORK,

                Defendants.

-------------------------------------------------------------------X

Case No: 1:18-cv-1217 (DNH/ATB)

**COMPLAINT**

Jury trial demanded

      Plaintiff, complaining of the defendants, by his attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for his complaint, upon information and belief, as follows:

## THE PARTIES

1. At all times relevant to this complaint, Plaintiff is an individual who resides in and is a citizen of the State of New York.

2. Upon information and belief, at all times relevant to this complaint, Defendant PAUL CZAJKA is a resident of the State of New York, and is the District Attorney of Columbia County, New York.

3. Upon information and belief, at all times relevant to this complaint, Defendant JAMES CARLUCCI, is a resident of the State of New York and is the Chief Assistant District Attorney of Columbia County, New York.

4. Upon information and belief, at all times relevant to this complaint, Defendant PAMELA J. JOERN, is a resident of the State of New York, and is Assistant District Attorney of Columbia County, New York.

5. Upon information and belief, at all times relevant to this complaint, the Defendant OFFICE OF THE DISTRICT ATTORNEY OF COLUMBIA COUNTY, NEW YORK is a division or unit of the County of Columbia, New York.

6. Upon information and belief, at all times relevant to this complaint, Defendant DAVID P. BARTLETT is a resident of the State of New York and is the Sheriff of Columbia County, New York.

7. Upon information and belief, at all times relevant to this complaint, Defendant JOSEPH KILMER, is a resident of the State of New York and is Deputy Sheriff of Columbia County, New York.

8. Upon information and belief, at all times relevant to this complaint, Defendant MARK DUNSPAUGH, is a resident of the State of New York and is a Senior Investigator with the Office of the Sheriff of Columbia County, New York.

9. Upon information and belief, at all times relevant to this complaint, the Defendant OFFICE OF THE SHERIFF OF COLUMBIA COUNTY, NEW YORK is a division or unit of the County of Columbia, New York.

10. Upon information and belief, at all times relevant to this complaint, the Defendant COUNTY OF COLUMBIA, NEW YORK is a county organized and existing pursuant to the laws of the State of New York.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction as the complaint raises causes of action under at least one federal statute, including 42 U.S.C. §§ 1983 or 1985, or both.

12. Venue is properly placed in the Northern District of New York as Defendants are located here and the events occurred here.

## COMPLIANCE WITH NOTICE OF CLAIM REQUIREMENTS

13. No notice of claim is required to commence this action. Notwithstanding, prior to the commencement of this action, Plaintiff timely served a notice of Claim on the Defendants on or about July 15, 2016.

14. The defendants requested a hearing pursuant to General Municipal Law § 50-h, and such hearing was conducted on September 8, 2016.

15. Sufficient time has transpired to permit Defendants to adjust Plaintiff's claim prior to the commencement of this action.

## FACTUAL BACKGROUND

16. On October 15, 2015, Plaintiff was interrogated and arrested by Defendant Dunspaugh. Plaintiff was charged with False Imprisonment, a misdemeanor, and Criminal Sexual Act in the First Degree, a Class B felony punishable by up to 25 years in state prison. The

charges alleged that on October 14, 2015, Plaintiff tried to force his co-worker, Jessica Metz, to give him oral sex while she was a passenger in his car. Plaintiff was arraigned in Hudson City Court and released on bail.

17. On October 16, 2015, by Order to Show Cause, the Defendants obtained a Court Order directing the defendant be arrested and subjected to a medical examination of his penis as the accuser, Jessica Metz, had claimed that in order to prevent the Plaintiff from forcing her to give him oral sex, she had bitten his penis.

18. The police came to his home and arrested Plaintiff without informing him where he was being taken and transported him to Columbia Memorial Hospital where he was brought into a room with several people, including women, who examined his genitals and took photographs. Some of these people were hospital staff whom he had worked with while he was a paramedic.

19. The results of that examination were negative, in that there was no evidence on his penis of swelling, tenderness, abrasions, redness, irritation or bite marks.

20. The next day on October 17, 2015, Plaintiff voluntarily went to Northern Dutchess Hospital emergency room and requested an independent medical examination of his genitals.

21. That examination also demonstrated no evidence of a bite mark or swelling or tenderness on the Plaintiff's penis.

22. After the examination, Plaintiff's attorney wrote to Defendant Joern and informed her that Plaintiff wished to exercise his right to testify before the Grand Jury.

23. On October 18, 2016, Plaintiff's attorney wrote a letter to Defendant Czajka and informed him that Plaintiff had gone to a second hospital and there was no evidence of any bite

on his penis. Plaintiff's attorney also requested that the medical staff who had examined Plaintiff at Northern Dutchess Hospital be subpoenaed to the Grand Jury as witnesses.

24. On October 18, 2016, Plaintiff's attorney wrote a letter to Defendant Czajka requesting that video surveillance footage from the intersection of Warren and Third Streets in the City of Hudson be subpoenaed by the Grand Jury. This camera was along the alleged route that Plaintiff took when he supposedly falsely imprisoned Jessica Metz in his car. That video was never produced to Plaintiff's attorney.

25. On October 18, 2016, Plaintiff's attorney wrote a letter to Defendant Czajka to withdraw the speedy trial waiver that Plaintiff had executed on or about October 15, 2015.

26. On October 23, 2015, Plaintiff's attorney wrote a letter memorializing a verbal conversation in which Defendant Joern unequivocally stated to Plaintiff's attorney that there would be no plea bargain whatsoever in the Plaintiff's case and he had to plead guilty to the top charge to resolve the matter. Defendant Joern also indicated that this command had come directly from Defendant Czajka.

27. In the same letter, Plaintiff's attorney requested a copy of the previously mentioned video recordings and permission to make a copy of the text messages between Jessica Metz and Plaintiff as they appeared on his cell phone, which the police had in custody. Plaintiff's attorney also asked that all evidence in the case be carefully preserved.

28. On or about October 26, 2015, Defendants brought an Order to Show Cause in an attempt to seize Plaintiff's vehicle for forfeiture. Plaintiff's attorney opposed the motion and on December 23, 2015, County Court, in a written decision and order, denied the Defendant's motion to seize Plaintiff's property.

29. On or about October 27, 2015, Plaintiff's attorney filed a discovery demand and turned over copies of the exculpating medical records to Defendant Joern.

30. On November 4, 2015, Plaintiff's attorney wrote Defendant Joern a lengthy letter requesting discovery and further investigation into the case because of inconsistencies in the accuser's story. Plaintiff's attorney also requested that certain exculpating witnesses be subpoenaed to testify in the Grand Jury. He also asked for disclosure of any evidence indicating that the accuser had made unfounded allegations in the past.

31. After further investigation by counsel, Plaintiff's counsel wrote a letter to Defendant Joern on November 23, 2015 stating that the accuser had made no fewer than five prior unfounded claims of sexual misconduct against co-workers, and requested that the Defendants further investigate and confirm this. In the same letter counsel requested Metz' medical and mental health records be subpoenaed, and notified Joern of his information that Metz was having an extramarital affair with one of Defendant Bartlett's employees at the Columbia County Sheriff's Office, which could prove to be a conflict of interest.

32. On March 18, 2016, Defendant Joern wrote to Plaintiff's attorney and informed him that Plaintiff could testify in the Grand Jury on March 24, 2016.

33. On March 24, 2016, Plaintiff appeared to testify in the Grand Jury but the matter was adjourned so Defendant Czajka could investigate the exculpatory claims being made by the Plaintiff and his attorney.

34. On April 21, 2016, Plaintiff appeared and testified in the Grand Jury. After the Grand Jurors left, Defendant Czajka called Plaintiff's attorney into his office and informed him that the Grand Jury had voted a "no true bill."

## **AS AND FOR A CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

35. Plaintiff repeats and reiterates the allegations set forth above with the same force and effect as though set forth herein at length.

36. At all times relevant, Defendants were acting in the scope of their official employment clothed in the trappings and with the apparent authority of their office, and acting under color of law.

37. Beginning on or about October 13, 2015, the Defendants DAVID P. BARTLETT, MARK DUNSPAUGH and JOSEPH KILMER, without properly investigating the allegations made by accuser Jessica Metz, conspired and did wrongfully and falsely arrest Plaintiff, under color of authority, without probable cause or any other reasonable grounds to detain him, without the benefit of counsel, without valid process from a court with jurisdiction, intended to confine Plaintiff, Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged. The confinement was in violation of Plaintiff's Fourth, Sixth and Fourteenth Amendment rights contained in the Federal Constitution and Article 1, Section 6 of the New York State Constitution, 42 U.S.C. §§ 1983, 1985 and other provisions of law, which proximately caused the infliction of severe emotional distress, loss of employment, destruction of his good name and reputation and other damages to Plaintiff.

38. Beginning on or about October 13, 2015, Defendants conspired and did unjustly and without properly investigating the allegations made by accuser Jessica Metz and based upon false, incomplete and misleading information, applied for and did receive a court order to arrest, detain, strip search and subject the Plaintiff to a humiliating medical examination of his genitals before multiple witnesses (including women) who took pictures of his private parts, all under color of authority. On or about October 26, 2015, Defendants again filed an Order to Show Cause and unsuccessfully attempted to obtain a court order to seize the Plaintiff's personal vehicle. The use of these civil Orders to Show Cause in a criminal case was designed to compel the performance or forbearance of some prescribed act with a purpose to do harm without justification and obtain an advantage or detriment outside the legitimate ends of the criminal

prosecution in violation of Plaintiff's civil rights in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Federal Constitution and Article 1, Section 12 of the New York State Constitution, 42 U.S.C. §§ 1983, 1985 and other provisions of law, which proximately caused severe emotional distress and other damages to the Plaintiff.

39.    Beginning on or about October 13, 2015, the Defendants conspired and did unjustly and without properly investigating the allegations made by accuser Jessica Metz and based upon false, incomplete and misleading information despite being provided exculpatory evidence by his criminal defense attorney did initiate a criminal proceeding against Plaintiff that was terminated in his favor on April 21, 2016 wherein the Grand Jury found a lack of probable cause for the criminal proceeding and the Defendants all acted with actual malice as exhibited by their absolute and unwavering position that no plea offer whatsoever would be extended even though the Plaintiff had no criminal record, he was facing a possible sentence of up to 25 years in state prison and Plaintiff's criminal defense attorney repeatedly alerted Defendants to the existence of exculpatory evidence that they refused to investigate or take into consideration.

40.    Beginning on or about October 13, 2015, Defendants, their agents, servants and employees conspired and did negligently, recklessly and intentionally fail to hire, retain, train, discipline and supervise qualified employees which proximately caused severe emotional distress, physical injury, loss of liberty and other damages to Plaintiff while acting within the scope of their employment. The Defendants knew or should have known about the employees' propensity for the misconduct, which caused the injury to Plaintiff due to lack of supervision and proper training. The Defendants displayed a deliberate indifference to protecting the defendant's civil rights, and permitted unlawful and humiliating activity practiced by its employees including obtaining a court order to arrest, detain and strip search the Plaintiff based upon false and misleading information. The failures to properly train and supervise Defendants, their agents and

employees violated Plaintiff's Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights under the Federal Constitution and Article 1, Section 12 of the New York State Constitution, 42 U.S.C. §§ 1983, 1985 and is further actionable as a *Monell* claim, which proximately caused severe emotional distress, loss of liberty, loss of employment and livelihood and other damages to the Plaintiff.

41. Beginning on or about October 13, 2015, the Defendants conspired and did engage, under color of authority, in a course of extreme and outrageous conduct with the intent to cause injury to Plaintiff and disregarded a substantial probability of causing, severe emotional distress, physical injury and loss of liberty and other damages. A causal connection exists between the conduct of Defendants and the injuries sustained by Plaintiff that caused severe emotional distress, loss of liberty, loss of employment, and other damages to Plaintiff. All in violation of the Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment rights under the Federal Constitution, Article 1, Section 6 of the New York State Constitution, Section 12 of the New York State Civil Rights Law, 42 U.S.C. §§ 1983, 1985 and other provisions of law.

42. Defendants conspired and did engage in conduct with intent to harm Plaintiff without excuse, justification or privilege under the color of their authority, and did in fact cause harm to Plaintiff through their intentional and reckless failure to investigate and disregard exculpatory evidence presented by Plaintiff's attorney. The Defendants' authority was exercised in an unreasonable manner intended to obtain an illegal or improper objective rather than uphold their constitutional oath to seek justice rather than indictments and convictions and thereby caused harm to the Plaintiff in violation of the Plaintiff's Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights under the Federal Constitution and Article 1, Section 12 of the New York State Constitution, 42 U.S.C. §§ 1983, 1985 and other provisions of law which proximately caused damages to the Plaintiff.

43. Based upon the foregoing allegations of fact, beginning on or about October 13, 2015, each of the Defendants, jointly and severally, acted maliciously, willfully, and wantonly and outside the scope of his or her jurisdiction, although under color of law, and violated the Plaintiff's constitutional right to be free of unreasonable searches and seizures, unreasonable arrests and detention, use of excessive force or threatened use of force, summary punishment without trial and due process of law. The Defendants, through their own conduct and/or agents, servants and employees, by their conduct alleged herein, did intentionally, willfully and without justification, and under color of law did deprive the Plaintiff of his rights, privileges and immunities secured to her by the United States Constitution, the New York State Constitution, the laws of the United States including but not limited to Title 42 U.S.C. § 1983, 1988, and by the statutes, laws, rules and regulations of the State of New York.

44. Defendants wrongfully conspired with one another and others to deprive Plaintiff of his due process and equal protection rights, and rights to be free from unreasonable searches and seizures, rights to a speedy trial, rights to be protected from physical injury while in their custody all while they wrongfully deprived him of his liberty which resulted in severe emotional distress, serious physical injuries and other damages; deprived him of and violated Plaintiff's constitutional rights, including rights guaranteed under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, Article 1, Section 6 of the New York State Constitution, and was caused to sustain physical and emotional injuries, and was otherwise damaged.

45. By reason of the foregoing, Plaintiff was caused to suffer severe and permanent damages, the full extent of which is not presently known including but not limited to, upon information and belief: severe emotional distress; severe humiliation; post-traumatic stress disorder; Plaintiff lost his job; Plaintiff lost his paramedic's license; loss of liberty; violation of civil rights; Plaintiff's reputation was damaged; severe mental anguish and distress and

emotional upset; extensive expenses have been and/or will be incurred for legal and/or medical and hospital treatment; Plaintiff has been otherwise injured; all of which injuries are permanent and extending into the future.

46. By reason of the foregoing, Defendants violated 42 U.S.C. § 1983 and 1985.

47. By reason of the foregoing, Plaintiff is entitled to recover from the Defendants pursuant to 42 U.S. C. §§ 1983 or 1985, or both, to the fullest extent permitted by law, in an amount to be determined by a jury not to exceed $10,000,000.

**WHEREFORE,** plaintiffs demand judgment against the defendants, jointly and severally, for all damages properly recoverable in an action of this nature, in the amounts set forth above, all together with the costs and disbursements of this action to the fullest extent permitted by law.

Dated: Brooklyn, New York
October 11, 2018

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the plaintiff*

by: /s/ Robert J. Tolchin
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627